Allen, J.
delivered the opinion of the Court.
It seems to the Court here, there was no error in the judgment of the Court refusing to give the second instruction asked for by the defendant in the Court below, or in the remark made by the Judge in refusing such instruction, “ that the party who pleads usury must prove it,” or in refusing a new trial for the alleged surprise on the said defendant by the counsel of the plaintiff in the Court below having in the concluding argument referred to the answer of Addison Hyde, which, although filed amongst the papers of the cause, had not before been read in evidence to the jury: As a full opportunity was afforded to the witness sought to be impeached by the use of the said answer, to explain the same, and to the counsel of said defendant to comment on the same, it does not appear how the irregularity, if *300 any, in the use of said, document could have affected said defendant injuriously.
It further seems to the Court here, that as the hill of exceptions does not set out the facts proved, but the testimony merely, which is uncertain and vague in its character, and the weight of which, and what facts could he deduced therefrom, depended entirely upon the credit given to the witnesses, it is not competent for this Court to review the judgment of the Court which tried the cause, deciding that the verdict was not contrary to the evidence.
It further seems to the Court here, that the alleged mistake of the jurors as to the instruction of the Court, did not furnish a sufficient ground to set aside a verdict in all respects fair, and in the judgment of the Court below, in conformity with the evidence: That to permit a verdict which, in the opinion of the Court that tried the cause, was not contrary to the evidence, and by which, for aught that appears to this Court, full justice was done, to be set aside upon the evidence of a few of the jurors, made under the circumstances described by the record, respecting their understanding of an instruction of the Court upon questions of law raised at the trial, would lead to dangerous consequences, as holding out inducements to tamper with the jurors after they had dispersed, and may have forgotten the circumstances which did actually occur. It therefore seems to the Court here, that the last order setting aside the verdict upon the terms imposed by the Court on the said defendant, was erroneous. If the facts entitled the plaintiff to the verdict, he was equally entitled to the judgment of the Court thereupon, and to all the consequences which might enure to him from such judgment upon the verdict so found.
It is therefore considered that said judgment setting aside the verdict, and awarding what is termed a new trial pro forma, to enable the said defendant to with *301 draw his pleas and confess judgment, was erroneous, and the same is reversed with costs. And this Court proceeding to render such judgment as the Circuit Superior court should have rendered, &c., judgment on the verdict.
And in the second case, it seems to the Court here, that as no cause was shewn for setting aside the verdict and granting a new trial, and as the plaintiff in the Court below was entitled to a judgment on the verdict, it is unnecessary to consider how far it was competent for the Court, if a proper case existed for granting a new trial, to impose a condition upon the said defendant of confessing a judgment. It is therefore considered, that as the defendant in error is the party substantially prevailing, inasmuch as the order setting aside the verdict has been reversed, that the defendant in error recover of the plaintiff in error his costs here expended.